Mary L. NELMS, Plaintiff,

v.

ROSS STORES, INC., d/b/a Ross Dress for Less, and Denise Gupton, Defendant.

Civ. No. 6:92CV00772.

United States District Court, M.D. North Carolina, Winston–Salem Division.

Jan. 20, 1994.

Robert B. Pearlman, Robert Pearlman & Associates, Greensboro, NC, for plaintiff.

Julianna Cochran Theall, Martin N. Erwin, Smith Helms Mulliss & Moore, Greensboro, NC, John F. Wymer, III, Roxanne Douglas, Samuel M. Matchett, Powell Goldstein Frazer & Murphy, Atlanta, GA, for Ross Stores, Inc., Denise Gupton.

### MEMORANDUM OPINION

BULLOCK, Chief Judge.

This case comes before the court on Defendants' motion for summary judgment. Plaintiff Mary L. Nelms alleges that she was disciplined and discharged by Defendants Ross Stores, Inc., d/b/a Ross Dress for Less, ("Ross") and her former manager Denise Gupton because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (1988) ("ADEA").

Because there is a lack of evidence to support Plaintiff's claim, the court will grant Defendants' motion for summary judgment.

## FACTS

Plaintiff was hired in 1986 at the age of fifty-one to work in the shoe department of the Ross Dress for Less store in Winston–Salem, North Carolina. During her employment with Ross, Plaintiff was supervised by at least three different managers: Fred Barger, Joe Cutts, and Denise Gupton.

Before July 1991, Plaintiff was instructed on various occasions to improve her substandard attendance record, remain in the department during work hours, provide better customer service, cease disrupting the department with gossip or complaints, and report concerns directly to management.

On July 9, 1991, Plaintiff, responding to a co-worker who had been teased by others, said words to the effect of, "that's what happens when the store is staffed by a bunch of kids." Pl.'s Aff. ¶ 6 (filed Sept. 20, 1993). On July 15, Plaintiff was given a written corrective action report based on her comments. It instructed her to refrain from complaining and making comments about others and to report problems directly to management, as she had previously been instructed to do. As at least one other personnel report had done, the July 15 report also warned that further problems could result in "disciplinary action up to and including termination." Corrective Action Report of July 15, 1991 (Defs.' Ex. 10, filed Sept. 3, 1993); Individual Personnel Report of November 16, 1989 (Defs.' Ex. 7, filed Sept. 3, 1993). Two of the employees who had participated in the teasing were also written up for their conduct.

During the remainder of 1991, Plaintiff was told to increase her attendance, improve her working relationships, and avoid gossiping. Like other store employees, she was asked to assume broader responsibilities in the store. Once in the fall of 1991 and once in the spring of 1992, after at least two customers complained about her rudeness, she was told to provide more prompt and caring customer service. In the spring of 1992, she was also told to follow fitting room policies, especially to monitor the garment tags given to customers as a theft-prevention measure.

On July 28, 1992, Plaintiff was given a final corrective action report which set out short-term performance goals and warned that if her performance had not risen to an acceptable level in thirty (30) days she would be fired. Nevertheless, after the warning, she failed to account for the absence of a check from her cash drawer or respond promptly or adequately to an instruction to organize the shoes in the department. Finally, on August 12, 1993, during Plaintiff's shift in the fitting room, a customer left the store with a magnetized garment tag that activated an alarm. Defendants believe that this occurred because Plaintiff failed to collect all the tags.

Gupton discussed these incidents with the district manager, Willis Archer, who had no knowledge of Plaintiff's "kids" comment. He recommended that Plaintiff be discharged. Plaintiff was discharged that afternoon.

Plaintiff filed a charge of age discrimination with the EEOC on August 27, 1992, and filed this lawsuit on December 22, 1992.

## DISCUSSION

Summary judgment must be granted if the record reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant bears the burden of persuasion on these issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A non-movant may survive the motion by producing "evidence from which a jury might return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The substantive law applicable to the case determines whether a fact is material. *Id.* at 248, 106 S.Ct. at 2510. In considering evidence, all reasonable inferences are to be drawn in favor of the non-moving party. *Id.* at 255, 106 S.Ct. at 2514.

Plaintiff concedes that she suffered no discrimination before she made her "kids" comment of July 9, 1991. She claims, however, that starting on July 15, Gupton discrimi-

nated against her in violation of the ADEA by means of a series of disciplinary measures that culminated in discharge. To prevail on her claim, Plaintiff must prove that but for Defendants' intentional discrimination against her on the basis of her age she would not have been disciplined as severely as she was. To that end, Plaintiff presents the following evidence: her own age at the time (fifty-seven), her "kids" comment, and her "intuition." Pl.'s Dep. at 70, 204 (filed Sept. 3, 1993). This evidence may be indicative of her opinion of younger people, but it is not indicative of Defendants' opinion of older ones. It is insufficient evidence of Defendants' discriminatory motivation.

■ Because Plaintiff has presented insufficient direct evidence of Defendants' discrimination, the court will analyze the facts according to a scheme of proof adapted from the model in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Under that scheme, Plaintiff must first establish a *prima facie* case of discrimination. To this end, she has shown that she was at least forty (40) years old, and thus in the age group protected by the ADEA, when disciplinary measures that culminated in discharge were taken against her. To complete her *prima facie* case, however, Plaintiff must also show that she engaged in prohibited conduct comparable in seriousness to that of a person less than forty (40) years old and that the younger person was disciplined less severely. *See Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir.1993); *Moore v. City of Charlotte*, 754 F.2d 1100, 1105–06 (4th Cir.), *cert. denied*, 472 U.S. 1021, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985). Plaintiff does not establish a *prima facie* case.

Plaintiff was disciplined on July 15, 1991, for "complaining, gossiping, and talking about others ... [as] this contributes to low morale." Corrective Action Report of July 15, 1991. While Plaintiff exhibits skepticism that the employees who teased their co-worker were disciplined, she offers no evidence contradicting their corrective action reports and Cutts' affidavit to that effect. In any case, their infraction and hers were not of comparable seriousness. They teased a co-worker; she disparaged management. They had no disciplinary record for teasing; she had been specifically instructed to approach management directly with her concerns.

Plaintiff was ultimately discharged after a garment tag activated the store alarm during her shift in the fitting room. In the summer of 1992, three other employees also failed to collect garment tags. They were disciplined but not discharged, because their disciplinary records were not comparable to Plaintiff's. None of them had been corrected previously for similar conduct. The two employees whose corrective action reports referred to two missing tags each were warned nevertheless that further disciplinary action or termination could result if their behavior did not change. Plaintiff, therefore, was not disciplined more severely than comparable offenders.

■ Plaintiff was discharged after receiving at least five corrective action reports from July 1991 to July 1992 for various infractions, including absenteeism, rudeness to customers, and poor job performance. The corrective action report of July 28, 1992, clearly put Plaintiff on notice as to her tenuous status, and yet she failed to perform her job adequately in the subsequent two weeks. Plaintiff does not show that Defendants retained anyone with a record as extensive as hers.

Even if Plaintiff had established a *prima facie* case of age discrimination, Defendants have articulated a legitimate, non-discriminatory explanation to rebut it. Plaintiff has not presented evidence that their given reason was pretextual and that age discrimination was the real reason. *See St. Mary's Honor Ctr. v. Hicks*, —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

## CONCLUSION

Plaintiff has failed both to present a *prima facie* case of age discrimination and to show Defendants' justification to be pretextual. The court will therefore grant Defendants' motion for summary judgment.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### ORDER and JUDGMENT

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED AND ADJUDGED that Defendants' motion for summary judgment be, and the same hereby is, GRANTED, and this action is DISMISSED with prejudice.